

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2002

# Eastman v. AT&T Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3303

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Eastman v. AT&T Inc" (2002). *2002 Decisions.* Paper 515.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/515

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3303
_____

RICHARD EASTMAN; ROBERT GILL;
TED KARABINUS; JOHN PEARL;
GREGORY ROSS; and MARY JO SHERMAN,

Appellants

v.

AT&T, INC.; BENEFIT CLAIM AND APPEAL COMMITTEE;
EMPLOYEES' BENEFITS COMMITTEE;
PENSION PLAN ADMINISTRATOR; and
JOHN DOE DEFENDANTS, ONE THROUGH THIRTEEN

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 00-cv-05294)
District Judge: Honorable William H. Walls

Argued on March 22, 2002

Before: NYGAARD, ROTH  and AMBRO, Circuit Judges

(Opinion filed: August 16, 2002)

Brian A. Powers, Esquire
Louis P. Malone,III, Esquire (Argued)
O'Donoghue & O'Donoghue
4748 Wesconsin Avenue, N.W.
Washington, DC 20016

    Attorney for Appellants


David H. Ganz, Esquire
Christopher H. Mills (Argued)
Collier, Jacob & Mills
580 Howard Avenue
Corporate Park III
Somerset, NJ 08873

    Attorneys for Appellees

OPINION

ROTH, Circuit Judge:

Section 404 of ERISA allows pension plan beneficiaries to sue plan administrators for breach of fiduciary duty. When a claim for breach of fiduciary duty under  404 is synonymous with a claim for benefits under a plan, however, the plaintiff must exhaust remedies available under the plan before bringing a claim in federal court. See Harrow v. Prudential Ins. Co., 279 F.3d 244 (3rd Cir. 2002). Plaintiffs in this case, a class of current and former employees of AT&T vested in the company's pension plan, appeal from an order dismissing their lawsuit against the administrators of AT&T's pension plan. They claim the District Court erred when it found that their claim under  404 was a claim for benefits. For the reasons stated below, we find the District Court correctly found that the plaintiffs' lawsuit is a claim for benefits and will affirm its order dismissing plaintiffs' lawsuit.

Plaintiffs' claims rest on allegations that the plan fiduciaries knowingly miscalculated a type of pension benefit. Plaintiffs claim that the plan fiduciaries knew that defendant AT&T was providing the plan with inaccurate data about the "pension includable differentials" earned by the plaintiffs. Those "pension includable differentials" were used to calculate the plaintiffs' "supplemental monthly pension benefits." Plaintiffs allege that the inaccurate "pension includable differentials" made the plan miscalculate their "supplemental monthly pension benefits." This knowing miscalculation of benefits, plaintiffs claim, is a breach of the fiduciaries' duties under  404 to administer the plan with care, skill, prudence and diligence. See 29 U.S.C.  1104. As relief for these alleged violations of  404, plaintiffs request an injunction ordering the appointment of a new fiduciary to administer the plan and repayment of any underpaid benefits.

The District Court dismissed these claims on the basis of collateral estoppel. It found that plaintiffs' Second Complaint was virtually identical to their First Complaint, which the District Court dismissed because it was a claim for benefits under the plan and because plaintiffs had not exhausted plan remedies. On appeal, plaintiffs contend that their Second Complaint is unlike their First Complaint because it is not a claim for benefits. On that basis they argue that collateral estoppel should not apply and that they should not be required to exhaust plan remedies before bringing suit. We are not convinced.

The claims in plaintiffs' Second Complaint are clearly claims for plan benefits. Their entire lawsuit is based on allegations that the defendants knowingly miscalculated benefits by using inaccurate "pension includable differentials." To evaluate those allegations, a court would have to determine whether AT&T properly reported "pension includable differentials," which would require it to interpret and apply the plan itself. Because the resolution of the claim rests on an interpretation of the plan, the plaintiffs have made a claim for benefits and must exhaust the plan remedies before coming to federal court for relief. See Harrow 279 F.3d at 254 (stating that a claim for benefits is one "where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan, rather than upon an interpretation of ERISA.").

Plaintiffs counter with several arguments. First, they claim that they are only alleging that the defendants violated  404, not the terms of the plan. But, their claims that the defendants violated  404 are inextricably linked to an interpretation of the plan. Harrow thus requires us to find that plaintiffs have made a claim for plan benefits. Plaintiffs also contend that their claim cannot be a claim for benefits because they are requesting injunctive as well as monetary relief. But, the relief they seek does not alter the fact that they are seeking benefits under the plan. It is the nature of claim, not the type of relief, that defines a claim for benefits. Plaintiffs' arguments are therefore unavailing.

Because the plaintiffs' have brought a claim for benefits, the District Court correctly found that they have to exhaust plan remedies before bringing suit in federal court. The District Court also correctly found that collateral estoppel barred the Second Complaint. As a result, we will affirm.

_____

BY THE COURT:

/s/ Jane R. Roth
    Circuit Judg